STATE v. QUICK.

There is no law authorizing the court to imprison a person convicted of bastardy.

Before ALDRICH, J., Marlboro, February, 1886.

The opinion fully states the case.

*Messrs. Townsend & McLaurin,* for appellant.

No counsel contra.

June 17, 1886.    The opinion of the court was delivered by

MR. JUSTICE MCIVER.    The appellant was convicted of bastardy and judgment was rendered "that the said defendant, Addison E. Quick, be committed to prison, to wit, to the county jail of Marlboro, there to remain until he shall enter into recognizance, with two good and sufficient sureties, in the penal sum of three hundred dollars conditioned for the annual payment of the sum of twenty-five dollars, for the maintenance of the said child till it reaches the age of twelve years, and so save harmless the said county aforesaid, and that the said recognizance be made payable in annual instalments, beginning with September 4, 1885, the day said child was born, and in default of defendant giving said · recognizance, that execution for the said amount and for the costs do issue against the property of the said defendant, as in case of defendants convicted of misdemeanor."

From this judgment defendant appeals substantially upon the ground that the Circuit Judge erred in imposing the punishment of imprisonment in default of defendant entering into recognizance for the support of the child.    The authorities cited by the counsel for appellant (*General Statutes,* section 1582, and *State v. Glenn,* 14 *S. C.,* 134) fully sustain the ground taken by him. We are not aware of any statute, and none has been brought to our notice, which authorizes the imposition of punishment by imprisonment upon a person convicted of bastardy.    On the contrary, the statute above cited expressly provides that a person convicted of this offence "shall be required to give the security or recognizance hereinbefore required, and in default thereof shall be liable to execution as are defendants convicted of misdemeanors."

The judgment of this court is, that the judgment of the Circuit Court, in so far as it requires the appellant to be imprisoned until he shall enter into the required recognizance for the maintenance of the child, be reversed.